

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
DEC 0 6 2021

---

| | |
|---|---|
| NEIL DENNIS BERGESON, JR., | 1:21-CV-01026-CBK |
| Plaintiff, | |
| vs. | |
| STATE OF SOUTH DAKOTA, JUDGE CULLEN MCNEECE; DYLAN KIRCHMEIER; JADEN CARLSON; TYLER APPLE; AND SOUTH DAKOTA STATE BAR ASSOCIATION | **MEMORANDUM AND ORDER** |
| Defendants. | |

## I.   BACKGROUND

Mr. Neil Bergeson, Jr. ("plaintiff") filed a pro se action in this Court, against defendants State of South Dakota, Roberts County, Fifth Judicial Circuit, South Dakota state Judge Cullen McNeece, Roberts County State's Attorney Dylan Kirchmeier, Mr. Jaden Carlson, Deputy Roberts County Sheriff Zac Angerhoffer, Roberts County Sheriff Tyler Apple, and the South Dakota State Bar Association ("the Bar"). Doc. 1. The plaintiff alleges defendants violated the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.*, the Tucker Act, 28 U.S.C. §§ 1346, 1491, and the Foreign Agent Registration Act, 22 U.S.C. § 611, *et seq.* Because his claims do not venture close to being grounded in fact or merit, all claims against the Bar should be dismissed. The Bar filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 3, 2021. Doc. 5. Stretching beyond his three weeks to respond, Bergeson filed what he titled "Plaintiff's Response and Answer to Defendants' Motion to Dismiss and Brief InSupport [sic] to Robert Anderson (attorney) Joshua Finer( Attorney) [sic]," on November 29, 2021. Doc. 12. The Bar replied on December 2, 2021. Doc. 15.

Carefully scrutinizing the record brought by Bergeson, this matter appears to be derived out of frustration stemming from a state prosecution of him for Driving Under the Influence, as well as Unauthorized Ingestion of a Controlled Substance, in Roberts County, Fifth Judicial Circuit, South Dakota.  South Dakota Circuit Court, Fifth Judicial District, Roberts County, 54CRI21-000323.  I take judicial notice of the South Dakota state court records involving plaintiff, which are available through the Unified Judicial System's eCourts portal.  The charges remain pending in Roberts County; but because of this suit, State's Attorney Kirchmeier has recused himself from further state proceedings.  Mr. Bergeson appears upset that state Judge McNeece dismissed his "Request for Hearing in Common Law Court," as well as his "Motion for 3.5 Million in Sanction Pursuant to Rule 11."  The plaintiff complains that the state judge and prosecution used "word-smithing and or legalese" to wrongfully induce him into "taking the charges."  COMPLAINT, doc. 1 at 6.  The plaintiff proceeds to make further bold claims before this Court, namely that the Fifth Judicial Circuit and the state's attorney could not prosecute his case due to their failure to register as part of the "British Atoned Registry," despite no requirement that our nation's judges and lawyers swear fealty to the Crown.  No such obligation has been upon our legal class since 1776.  As this Memorandum and Order will explain, none of Mr. Bergeson's claims hold merit and the Bar's motion should be granted.

## II.   DISCUSSION

### A. Legal Standard

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party.  Jacobson Warehouse Co., Inc. v. Schnuck Mkts., Inc., 13 F.4th 659, 668 (8th Cir. 2021); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings."  Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th

Cir. 1999). However, courts may "consider 'some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.'" Id. (*quoting* Porous Media Corp., 186 F.3d at 1079). The complaint must contain "'enough facts to state a claim to relief that is plausible on its face'" to survive the motion to dismiss. C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 630 (8th Cir. 2010) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The factual allegations "'must be enough to raise a right to relief above the speculative level.'" In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (*quoting* Bell Atl. Corp., 550 U.S. at 555). In addition, the factual contents of the complaint must "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Pietoso, Inc. v. Rep. Servs., Inc., 4 F4th. 620, 622 (8th Cir. 2021) (*quoting* Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019)).

Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (*quoting* Bell Atl. Corp., 550 U.S. at 555). When assessing the merits of a complaint challenged under Federal Rule of Civil Procedure 12(b)(6), a court should "'begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" McDonough v. Anoka Cnty., 79 F.3d 931, 945–46 (8th Cir. 2015) (*quoting* Iqbal, 556 U.S. at 679).

It requires noting that complaints by pro se plaintiffs must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); accord Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

That said, pro se litigants must still present cognizable legal claims to this Court. Although the Court must take as true any well-pleaded facts, the Court need not accept "'threadbare recitations of the elements of a cause action supported by mere conclusory statements.'" Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (*quoting* Iqbal, 556 U.S. at 678). "When we say that a pro se complaint should be given liberal construction,

3

we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). But "the court need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what the movant actually seeks. A litigant, even a pro se one, bears some responsibility for advocating for himself." In re Heyl, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019).

## B. Analysis

Mr. Bergeson is on a quixotic campaign to conjure new meanings into federal statutes to protest his Roberts County proceedings. From fanciful assertions of a British Atoned Registry requiring attorneys to register under the Foreign Agents Registration Act to offering state bar associations newfound collective liability for any alleged indiscretion of its members. This Court will not waste judicial resources tackling such claims conjured by plaintiff's imagination. The Court takes legitimate pro se matters seriously and awards them the deference and consideration they deserve. But this is no such case. Rather, Mr. Bergeson seeks to use the federal court to vent frustrations about a state indictment from the Fifth Judicial Circuit. Regarding the Bar, the plaintiff seeks liability merely through its licensure of attorneys, specifically (when straining to find what plaintiff is in fact arguing) of State's Attorney Kirchmeier. Bergeson appears to have forgotten he even made the Bar a party to the suit outside briefly noting "The **S.D. State B.A.R.** [sic] **Association** is responsible for the attorney's misconduct, the plaintiff is filing his claim to include the bar members bond, and license to practice law." COMPLAINT, doc. 1 at 5 (emphasis in original). This Court is no such vehicle to make farcical claims for millions of dollars as punishment against the organization licensing South Dakota attorneys.

The plaintiff appears to have recycled meritless "legal nonsense" from a prior litigant before this Court, see Fonder v. South Dakota, 2021 WL 4710781, at *1 (D.S.D. Oct. 8, 2021). As other defendants in this matter have rightly noted, "the language was essentially copied and pasted." BRIEF IN SUPPORT OF MOTION TO DISMISS CHARGES

4

AGAINST DEFENDANTS KIRCHMEIER, ANGERHOFER, AND APPLE, doc. 9 at 3.  These rehashed arguments remain "utter nonsense."  Fonder, 2021 WL 4710781, at *2.  And like in Fonder, this matter should be dismissed from this Court.

Even if this matter had a semblance of merit, it would be disposed of on state sovereign immunity grounds pursuant to the Eleventh Amendment to the United States Constitution and common law.  Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).[1]  See generally Aubrey v. Estate of Tobolowsky, 2021 WL 787379 (N.D. Tex. Feb. 10, 2021) (explaining how suits against state bar associations fall on state sovereign immunity grounds because they tpically are "state agenc[ies] that [are] protected from suit in federal court by Eleventh Amendment immunity.") (*citing* Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994)); Hunter v. Virginia State Bar, 786 F.Supp.2d 1107 (E.D. Va. 2011) (same); Otworth v. The Florida Bar, 71 F.Supp.2d 1209 (M.D. Fla. 1999) (same); Delacruz v. State Bar of California, 2015 WL 13743889 (N.D. Cal. Feb. 13, 2015) (same); Rose v. Utah State, 2009 WL 5066687 (D. Utah Dec. 16, 2009) (affirmed on other grounds, 399 Fed.Appx. 430 (10th Cir. 2010) (*unpublished*) (same).  Because the State Bar of South Dakota is an arm of the state, SDCL 16-17-1, it is shielded from suits for legal damages.

### III.   CONCLUSION

Despite Bergeson's best efforts, he is in fact "subject to a corporate policies [sic] and rules" of South Dakota's state laws, including the criminal proceedings brought against him in the Fifth Judicial Circuit.  COMPLAINT, doc. 1 at 2.  Our judges and lawyers need not pledge loyalty to foreign monarchs to exercise their judicial and prosecutorial prerogatives in Roberts County, nor can plaintiffs escape liability through

---

[1] State sovereign immunity goes beyond the confines of the text of the Eleventh Amendment, also touching upon common law immunity principles. See Fed. Mar. Comm'n v. South Carolina State Ports Auth., 535 U.S. 743, 753 (2002) (noting that the Eleventh Amendment "is but one exemplification" of sovereign immunity).  See also Idaho v. Couer d'Alene Tribe of Idaho, 521 US 261, 267 (1997) ("The Court's recognition of sovereign immunity has not been limited to the suits described in the text of the Eleventh Amendment.").

recycled and rehashed pronouncements as being a citizen of "The Republic State of South Dakota." Id. Accordingly, the Bar's motion should be granted.[2]

IT IS HEREBY ORDERED that defendant South Dakota State Bar Association's motion to dismiss for failure to state a claim upon which relief can be granted, doc. 5, is granted.

IT IS FURTHER ORDERED that defendant South Dakota is dismissed from this matter.

DATED this 6th day of December, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

---

[2] While the State of South Dakota did not initially join the Bar's motion to dismiss, it did join in the Bar's reply brief and should be dismissed from this suit for similar reasons. See docs. 5, 15. As this Court has made clear, any suit against the Bar is in effect litigation against the State. Further, this Court also strikes the State from this suit pursuant to Federal of Civil Procedure 12(f)(1) because all of Bergeson's pleadings against the State are "redundant." "The function of . . . Rule 12(f) 'is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case.'" Owens v. Central Trust Bank Inc., 2019 WL 5847846, at *3 (W.D. Mo. Nov. 7, 2019) (quoting Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015)). While "striking a party's pleadings is an extreme measure," it is applicable and appropriate in this matter. Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2001). No further resources should be wasted by the State on this matter.