

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| NEIL DENNIS BERGESON, JR., | 1:21-CV-01026-CBK |
| Plaintiff, | |
| vs. | |
| JUDGE CULLEN MCNEECE; DYLAN KIRCHMEIER; JADEN CARLSON; ZAC ANGERHOFER; AND TYLER APPLE, | **MEMORANDUM AND ORDER** |
| Defendants. | |

## I.    BACKGROUND

Mr. Neil Bergeson, Jr. ("plaintiff") filed a pro se action in this Court, against the State of South Dakota, South Dakota Fifth Judicial Circuit Judge Cullen McNeece, Roberts County State's Attorney Dylan Kirchmeier, Mr. Jaden Carlson, Deputy Roberts County Sheriff Zac Angerhofer, Roberts County Sheriff Tyler Apple, and the South Dakota State Bar Association. Doc. 1. This Court has already dismissed the State of South Dakota and the South Dakota State Bar Association from this matter. Doc. 18. The plaintiff alleges defendants violated the Administrative Procedures Act ("the APA"), 5 U.S.C. § 551 *et seq.*, the Tucker Act, 28 U.S.C. §§ 1346, 1491, and the Foreign Agent Registration ACT ("FARA"), 22 U.S.C. § 611, *et seq.* Because his claims do not venture close to being grounded in fact or merit, all claims against defendants Kirchmeier, Angerhofer, and Apple ("defendants") should be dismissed. Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on November 5, 2021. Doc. 8. Stretching beyond his three weeks to respond, Bergeson filed his response on November 29, 2021, doc. 13. The defendants replied on December 1, 2021. Doc. 14. Since then, Mr. Bergeson has filed further briefing with this Court; on

December 7, 2021, plaintiff filed what he titled "Plaintiff's More Definite Statement and Response to Counsel of Record for Defendants' Reply Brief in Support of Kirchmeier, Apple, and Angerhofer's Motion to Dismiss." Doc. 19.

Carefully scrutinizing the record brought by Bergeson, this matter appears to be derived out of frustration stemming from a state prosecution of him for Driving Under the Influence, as well as Unauthorized Ingestion of a Controlled Substance, in Roberts County, Fifth Judicial Circuit, South Dakota. South Dakota Circuit Court, Fifth Judicial District, Roberts County, 54CRI21-000323. I take judicial notice of the South Dakota state court records involving plaintiff, which are available through the Unified Judicial System's eCourts portal. The charges remain pending in Roberts County. Mr. Bergeson appears upset that state Judge McNeece dismissed his "Request for Hearing in Common Law Court," as well as his "Motion for 3.5 Million in Sanction Pursuant to Rule 11." The plaintiff complains that the state judge and prosecution used "word-smithing and or legalese" to wrongfully induce him into "taking the charges." COMPLAINT, doc. 1 at 6. The plaintiff proceeds to make further bold claims before this Court, namely that the Fifth Judicial Circuit and the state's attorney could not prosecute his case due to their failure to register as part of the "British Atoned Registry," despite no requirement that our nation's judges and lawyers swear fealty to the Crown. No such obligation has been upon our legal class since 1776. As this Memorandum and Order will explain, none of Mr. Bergeson's claims hold merit and the defendants' motion should be granted.

## II.   DISCUSSION

### A. Legal Standard

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[1] the Court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Jacobson Warehouse Co., Inc. v. Schnuck Mkts., Inc., 13 F.4th 659, 668 (8th Cir. 2021); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A court generally may

---

[1] Because this matter is disposed of pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court does not address defendants' alternative grounds for dismissal under Rule 12(b)(1).

not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim." Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (*citing* Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may "consider 'some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.'" Id. (*quoting* Porous Media Corp., 186 F.3d at 1079). The complaint must contain "'enough facts to state a claim to relief that is plausible on its face'" to survive the motion to dismiss. C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 630 (8th Cir. 2010) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The factual allegations "'must be enough to raise a right to relief above the speculative level.'" In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (*quoting* Bell Atl. Corp., 550 U.S. at 555). In addition, the factual contents of the complaint must "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Pietoso, Inc. v. Rep. Servs., Inc., 4 F4th. 620, 622 (8th Cir. 2021) (*quoting* Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019)).

Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (*quoting* Bell Atl. Corp., 550 U.S. at 555). When assessing the merits of a complaint challenged under Federal Rule of Civil Procedure 12(b)(6), a court should "'begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" McDonough v. Anoka Cnty., 79 F.3d 931, 945–46 (8th Cir. 2015) (*quoting* Iqbal, 556 U.S. at 679).

It requires noting that complaints by pro se plaintiffs must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); accord Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

That said, pro se litigants must still present cognizable legal claims to this Court. Although the Court must take as true any well-pleaded facts, the Court need not accept "'threadbare recitations of the elements of a cause action supported by mere conclusory

statements.'" Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (*quoting* Iqbal, 556 U.S. at 678). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (*quoting* Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). But "the court need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what the movant actually seeks. A litigant, even a pro se one, bears some responsibility for advocating for himself." In re Heyl, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019).

### B. **Whether Kirchmeier is Shielded by Prosecutorial Immunity**

State's Attorney Kirchmeier asserts that he is shielded from Bergeson's claims under the absolute prosecutorial immunity entitled to him. He is right.

Absolute immunity protects prosecutors for acts taken within the scope of their duties in initiating and pursuing criminal prosecutions. Sample v. City of Woodbury, 836 F.3d 913, 916 (8th Cir. 2016) (*citing* Imbler v. Pachtman, 424 U.S. 409, 419 n.13, (1976)). Further, "'[a]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity.'" DeCamp v. Douglas Cnty. Franklin Grand Jury, 978 F.2d 1047, 1050 (8th Cir. 1992) (*quoting* Imbler, 424 U.S. at 419 n.13). Even "allegations of improper motive in the performance of prosecutorial functions will not defeat its protection." Sample, 836 F.3d at 916 (*citing* Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987), *abrogated on other grounds*, Burns v. Reed, 500 U.S. 478 (1991)).

That said, prosecutorial immunity is not infallible, as it protects prosecutors only for acts done in their role as an advocate, specifically acts which are "'intimately associated with the judicial phase of the criminal process.'" White v. Moulder, 30 F.3d 80, 83 (8th Cir. 1994) (*quoting* Hike v. Hall, 427 NW2d. 158, 159 (Iowa 1988)). When determining whether specific actions are protected under absolute immunity, courts have "adopted a 'functional approach,' looking 'to the nature of the function performed, not the identity of the actor who performed it.'" Woodworth v. Hulshof, 891 F.3d 1083,

4

1088–89 (8th Cir. 2018) (*quoting* <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 269 (1993)). Actions that arise "from their initiation of a prosecution and presenting a criminal case" are the sort of processes prosecutors are absolutely immune in pursuing. <u>Sample</u>, 836 F.3d at 916.

Here, when straining to read a cognizable claim against State's Attorney Kirchmeier, the defendant is shielded from liability under absolute immunity. The specific actions at hand appear to be Kirchmeier's initiation of the criminal proceedings against Bergeson in the Fifth Judicial Circuit, as well as his steps taken to advance the prosecution prior to his recusal. The "initiation of a prosecution and presenting a criminal case" are at the core of the protections under absolute immunity enjoyed by prosecutors such as Mr. Kirchmeier. <u>Id</u>. Bergeson's barebones complaint cannot pierce Kirchmeier's immunity from suit.

In his responsive brief, which was filed more than three weeks following defendants' motion, Bergeson grasps at jurisdictional disputes surrounding the Roberts County Prosecution. <u>See</u> PLAINTIFF'S RESPONSE AND ANSWER TO DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT, doc. 13 at 3. Any perceived jurisdictional defects in his state prosecution must be presented in his state proceedings, not before this Court. This Court cannot and will not entertain such arguments.

Because the allegations brought forth by Bergeson, when construed liberally, relate to the core prosecutorial functions carried out by State's Attorney Kirchmeier, all claims against him should be dismissed under absolute prosecutorial immunity.

### C. <u>Whether Tucker Act Claims can Proceed</u>

Having explained why all claims should be dismissed against State's Attorney Kirchmeier, defendants Angerhofer and Apple contend all claims brought under the Tucker Act are inapplicable in this matter because they are not arms of the federal government. Because the federal government is not a party to this suit, all claims brought under the Tucker Act against remaining defendants Angerhofer and Apple should be dismissed.

For Bergeson to succeed in bringing a claim against the federal government, he "must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." Taylor v. United States, 248 F.3d 736, 737 (8th Cir. 2001) (*citing* V S Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000)). The Tucker Act permits certain suits against the United States, specifically contract actions, where the federal government has waived its sovereign immunity. See Middlebrooks v. United States, 8 F.Supp.3d 1169, 1174 (D.S.D. 2014). However, this waiver expressly "vests exclusive subject matter jurisdiction over all suits in excess of $10,000 in the Court of Federal Claims." V S Ltd. P'ship, 235 F.3d at 1112 (*citing* 28 U.S.C. §§ 1346, 1491; Mullally v. United States, 95 F.3d 12, 14 (8th Cir. 1996)). See also Middlebrooks, 8 F.Supp.3d at 1174 ("The Tucker Act waives the United State's sovereign immunity as to certain suits for money damages, *but vests exclusive jurisdiction over all such suits seeking money damages exceeding $10,000* in the Court of Federal Claims.") (emphasis added) (*citing* Suburban Mortg. Assocs., Inc. v. United States Dep't of Hous. & Urban Dev., 480 F.3d 1116, 1122 (Fed. Cir. 2007)). Further, the statute "does not create 'substantive rights. A plaintiff relying on the Tucker Act must premise [his] damages action on 'other sources of law,' like 'statutes or contracts.'" Me. Comm. Health Options v. United States, 140 S.Ct. 1308, 1327 (2020) (*quoting* United States v. Navajo Nation, 556 U.S. 287, 290 (2009)). See also Fletcher v. United States, 151 Fed. Cl 487, 497 (2020) ("Plaintiffs 'must identify a separate source of substantive law that creates the right to money damages' for their claim to come within the jurisdictional reach and waiver of the Tucker Act.") (*quoting* Jan's Helicopter Serv. v. FAA, 525 F.3d 1299, 1306 (2008)). Bergeson cannot hide behind vague pronouncements of suit pursuant to the Tucker Act and expect a windfall from Roberts County, an entity that is *not* an arm of the United States.

The plaintiff's Tucker Act claims against Deputy Sheriff Angerhofer and Sheriff Apple fall three times over: (1) Bergeson is not contending a contract dispute with the federal government; (2) this Court holds no subject matter jurisdiction to hear such a suit (Bergeson has gone leaps and bounds beyond the $10,000 threshold for the Court of

Federal Claims: he has requested eleven million dollars in relief); and (3) Angerhofer and Apple are not arms of the federal government.

This Court will not waste the judicial resources of the Court of Federal Claims and transfer this matter; rather, all claims raised under the Tucker Act should be dismissed against the remaining defendants because there is no contract dispute at hand and because law enforcement officers of Roberts County are not agents of the United States.

### D. Whether Bergeson can Bring Claims under the APA

Defendants Angerhofer and Apple also contend Mr. Bergeson cannot bring forward claims pursuant to the APA against them as agents of Roberts County because their office is not an arm of the federal government. This is true.

The inquiry for Bergeson's APA-related claims is short. While the APA permits judicial review for those "suffering legal wrong because of [an] agency action, or adversely affected or aggrieved by [an] agency action," an "agency" is clearly defined as "each authority of the *Government of the United States*." 5 U.S.C. §§ 701(b)(1), 702 (emphasis added). "'[T]he APA does not grant federal courts jurisdiction to review actions of state or municipal agencies.'" King v. City of Marion, Arkansas, 2020 WL 534173, at *17 (E.D. Ark. Feb. 3, 2020) (*quoting* Hunter v. Underwood, 362 F.3d 468, 477 (8th Cir. 2004)). "'By its own terms, the APA does not apply to state agencies.'" Hurdsman v. Salkeld, 2011 WL 976603, at *2 (E.D. Ark. Feb. 1, 2011) (Report and Recommendation Adopted in Part, Rejected in Part on Other Grounds, 2011 WL 1044047 (March 18, 2011)) (*quoting* Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater, 173 F.3d 1033, 1035–36 (6th Cir. 1999)).

Here, Deputy Sheriff Angerhofer and Sheriff Apple are both employed by Roberts County, *not* a federal agency. Because the Roberts County Sheriff's Department does not constitute an "agency" under the APA, plaintiff's claims under this statute should be dismissed against these defendants.

### E. Remaining Arguments are Moot

Because all of plaintiff's claims have been disposed of concerning these litigants, defendants' remaining arguments surrounding Bergeson's incredulous claim that

Kirchmeier failed to swear sufficient fealty to the British Crown and register as a foreign agent; and that any remaining claims against Angerhofer and Apple should be dismissed for failing to plead a cause of action, are moot.

### III.   CONCLUSION

Despite Bergeson's best efforts, he is in fact "subject to a corporate policies [sic] and rules" of South Dakota's state laws, including the criminal proceedings brought against him in the Fifth Judicial Circuit. COMPLAINT, doc. 1 at 2. Our judges and lawyers need not pledge loyalty to foreign monarchs to exercise their judicial and prosecutorial prerogatives in Roberts County, nor can plaintiffs escape liability through recycled and rehashed pronouncements of being a citizen of "The Republic State of South Dakota." Id. Accordingly, the defendants' motion should be granted.

IT IS HEREBY ORDERED that defendants Kirchmeier, Angerhofer, and Apples' motion to dismiss for failure to state a claim, and in the alternative, for lack of subject matter jurisdiction, doc. 8, is granted.

DATED this ___8th___ day of December, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge