UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| NEIL DENNIS BERGESON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE CULLEN MCNEECE, and JADEN CARLSON, <br><br> Defendants. | 1:21-CV-01026-CBK <br><br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action against defendants who are involved in the prosecution of state court charges against plaintiff for driving under the influence and unauthorized ingestion of a controlled substance in South Dakota Circuit Court, Fifth Judicial Circuit, Roberts County, 54CRI21-000323. Plaintiff claims the defendants violated the Administrative Procedures Act, 5 U.S.C. § 551 et seq., the Tucker Act, 28 U.S.C. §§ 1346, 1491, and the Foreign Agent Registration Act, 22 U.S.C. § 611, et seq. I have already ruled that such claims are "do not venture close to being grounded in fact or merit," and are "legal nonsense." Bergeson v. State of South Dakota, et al., No. 1:21-CV-01026-CBK, 2021 WL 5771183, at 1, 3 (D.S.D. Dec. 6, 2021). Claims against five defendants have been dismissed in prior orders.

Plaintiff's claim against defendant Jaden Carlson is that Carlson, who is alleged to be a Sisseton-Wahpeton Sioux Tribe police officer, unlawfully detained plaintiff after plaintiff identified himself as a non-tribal member. Plaintiff contends that "[w]hen the Tribal Police make a stop and are alerted that the occupant is not a tribal member they are to stand down, not call Roberts County Sheriffs department (sic) to come out to issue an illegal citation while illegally arresting the non tribal (sic) member." Plaintiff contends that defendant Carlson and defendant Zac Angerhofer, a Roberts County deputy sheriff,

engaged in a "RICO SCAM" along with the prosecutor, that Carlson and Angerhofer conspired to illegally arrest plaintiff and thereby committed treason, kidnapping, assault, and unlawful arrest and that they acted under color of state law. He seeks prosecution of defendant Carlson and defendant Angerhofer. Plaintiff has filed a motion for a default judgment against defendant Carlson, ostensibly under Fed. R. Civ. P. 56(C)(2)(3)(4).

There are many reasons why plaintiff's motion for a default judgment should be denied. First, defaults and default judgments are governed by Fed. R. Civ. P. 55. Rule 56 governs summary judgment procedure.

Second, prior to seeking a default judgment, a plaintiff must first seek the entry of a default under Fed. R. Civ. P. 55(a). Plaintiff failed to do so.

Third, a default judgment is not appropriate on the record in this case. "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." Belcourt Pub. Sch. Dist. v. Davis, 786 F.3d 653, 661 (8th Cir. 2015), (citing F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977)). The United States Court of Appeals for the Eighth Circuit "has recognized that default judgments are 'not favored by the law and should be a rare judicial act.'" Belcourt Pub. Sch. Dist. v. Davis, 786 F.3d at 661, (quoting In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995)). The Eighth Circuit has long held that there is a "judicial preference for adjudication on the merits." Belcourt Pub. Sch. Dist. v. Davis, supra, (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).

The Eighth Circuit, in Belcourt, set forth "various factors courts may consider when determining whether to enter a default judgment." Id.

> The amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

Belcourt Pub. Sch. Dist. v. Davis, 786 F.3d at 661. It is unnecessary to consider the foregoing because plaintiff's allegations against defendant Carlson fail to state a claim.

As set forth above and in my previous opinion in this case, plaintiff's claims that defendant Carlson violated the Administrative Procedures Act, the Tucker Act, and the Foreign Agent Registration Act have no legal merit and are nonsense. Plaintiff further claims that Officer Carlson's activities deprived plaintiff's rights under 18 U.S.C. 241 (the crime of conspiracy), 18 U.S.C. § 242 (criminal violation of civil rights), and 28 U.S.C. § 1545 (the crime of safe conduct or passport violation). Plaintiff has no civil cause of action under any of these criminal statutes. This Court does not file charges or prosecute civil defendants.

It is generally settled law that "a default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1371 n. 41 (11th Cir. 1997) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing in turn Thomson v. Wooster, 114 U.S. 104, 113, 5 S.Ct. 788, 29 L.Ed. 105 (1885))). "A district court may not enter default judgment based on a complaint not well-pleaded." Sampson v. Lambert, 903 F.3d 798, 806 (8th Cir. 2018). See also, Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) ("claims which are not well-pleaded, are not binding and cannot support the judgment") citing Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200 (5th Cir.1975)). Even if a party is alleged to be in default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." § 2688.1 Court's Entry of a Default Judgment—Effect of Default on Proof Requirements, 10A Fed. Prac. & Proc. Civ. § 2688.1 (4th ed.).

Plaintiff has failed to state a claim against defendant Carlson. The fact alleged, that officer Carlson stopped plaintiff and detained him, does not state a claim under any statute asserted by plaintiff. Any claim that such act violates federal law is merely conclusory. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice to set forth a cause of action. Ashcroft v. Iqbal,

3

556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The United States Supreme Court has rejected the claim that tribal police officers cannot search and detain a non-member who is suspected of violating federal or state laws "to which those non-Indians are indisputably subject." United States v. Cooley, ___ U.S. ___, ___, 141 S. Ct. 1638, 1644–45, 210 L. Ed. 2d 1 (2021).

Fourth, the return of service filed in this case shows that the Roberts County Sheriff served a "Civil Action" upon a person whose name is Jaiden Arden Mikeal Carlson at Sisseton, South Dakota. There is no mention whether the summons and complaint were both served as required by Fed. R. Civ. P. 4(c)(1). The defendant sued Jaden Carlson,[1] who is alleged to be a tribal police officer. While the difference in spelling of the defendant's name is not significant, this Court would not enter a judgment of any kind without some evidence that the correct person was served. Further, many tribal police officers are also certified as federal law enforcement officers by the Bureau of Indian Affairs. If defendant has such a certification, he is an employee of an agency of the federal government and service is also required upon the U.S. Attorney, and possibly, upon the Bureau of Indian Affairs. Fed. R. Civ. P. 4(i).

Fifth, the United States Court of Appeals for the Eighth Circuit has held that, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff has failed to designate in what capacity defendant Carlson is sued. It is therefore assumed he is sued in his official capacity. An official capacity suit is generally "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (*quoting* Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978)). "In an official-capacity claim, the relief sought is only nominally against the

---

[1] The complaint is internally inconsistent in the spelling of defendant Carlson's name.

4

official and in fact is against the official's office and thus the sovereign itself." Lewis v. Clarke, ___ U.S. ___. ___, 137 S. Ct. 1285, 1291, 197 L. Ed. 2d 631 (2017) (*citing* Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) and Dugan v. Rank, 372 U.S. 609, 611, 620–622, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963)). An action against a tribal police officer may be barred by sovereign immunity. Lewis v. Clarke, ___ U.S. at ___, 137 S. Ct. at 1291-92 (applying the above rules in a case against a defendant who was an employee of a tribal gaming authority).

Sovereign immunity is a jurisdictional threshold matter which may be raised *sua sponte*. Lors v. Dean, 746 F.3d 857, 861 (8th Cir. 2014). I exercise my discretion to deny a default judgment in this case where it is unclear whether the real party in interest has been served and whether the real party in interest is entitled to sovereign immunity.

For all of the foregoing reasons,

IT IS ORDERED that plaintiff's motion, Doc. 16, for a default judgment is denied.

DATED this 9th day of December, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge