UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| NEIL DENNIS BERGESON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE CULLEN MCNEECE AND JADEN CARLSON, <br><br> Defendants. | 1:21-CV-01026-CBK <br><br><br><br> **MEMORANDUM AND ORDER** |

## I.   BACKGROUND

Mr. Neil Bergeson, Jr. ("plaintiff") filed a pro se action in this Court against the State of South Dakota, South Dakota Fifth Judicial Circuit Judge Cullen McNeece, Roberts County State's Attorney Dylan Kirchmeier, Mr. Jaden Carlson, Deputy Roberts County Sheriff Zac Angerhofer, Roberts County Sheriff Tyler Apple, and the South Dakota State Bar Association. Doc. 1. This Court has already dismissed the State of South Dakota, the South Dakota State Bar Association, State's Attorney Kirchmeier, Deputy Sheriff Angerhofer, and Sheriff Apple from this matter. Docs. 18, 21. The plaintiff alleges defendants violated the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.*, the Tucker Act, 28 U.S.C. §§ 1346, 1491, and the Foreign Agent Registration Act, 22 U.S.C. § 611, *et seq*. Because his claims do not venture close to being grounded in fact or merit, let alone pierce the absolute judicial immunity applicable in this matter, all claims against defendant McNeece should be dismissed. Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 22, 2021. Doc. 10. Bergeson filed his response on November 29, 2021. Doc. 12. Judge McNeece replied on December 2, 2021. Doc. 15. Since then, Mr. Bergeson has filed further briefing with this Court; on December 7, 2021, plaintiff filed what he titled "Plaintiff's

More Definite Statement and Response to Counsel of Record for Defendants' Reply Brief in Support of Judge McNeece, South Dakota State Bar Association Bar Association Motion to Dismiss." Doc. 20.

Carefully scrutinizing the record brought by Bergeson, this matter appears to be derived out of frustration stemming from a state prosecution of him for Driving Under the Influence, as well as Unauthorized Ingestion of a Controlled Substance, in Roberts County, Fifth Judicial Circuit, South Dakota. South Dakota Circuit Court, Fifth Judicial Circuit, Roberts County, 54CRI21-000323. I take judicial notice of the South Dakota state court records involving plaintiff, which are available through the Unified Judicial System's eCourts portal. The charges remain pending in Roberts County. Mr. Bergeson appears upset that state Judge McNeece dismissed his "Request for Hearing in Common Law Court," as well as his "Motion for 3.5 Million in Sanction Pursuant to Rule 11." The plaintiff complains that the state judge and prosecution used "word-smithing and or legalese" to wrongfully induce him into "taking the charges." COMPLAINT, doc. 1 at 6. The plaintiff proceeds to make further bold claims before this Court, namely that the Fifth Judicial Circuit and the state's attorney could not hear or prosecute his case due to their failure to register as part of the "British Atoned Registry," despite no requirement that our nation's judges and lawyers swear fealty to the Crown. No such obligation has been upon our legal class since 1776. As this memorandum and order will explain, none of Mr. Bergeson's claims hold merit and the defendant's motion should be granted.

## II. DISCUSSION

### A. Legal Standard

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Jacobson Warehouse Co., Inc. v. Schnuck Mkts., Inc., 13 F.4th 659, 668 (8th Cir. 2021); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings." Greenman v. Jessen, 787 F.3d 882,

887 (8th Cir. 2015) (*citing* Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may "consider 'some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.'" Id. (*quoting* Porous Media Corp., 186 F.3d at 1079). The complaint must contain "'enough facts to state a claim to relief that is plausible on its face'" to survive the motion to dismiss. C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 630 (8th Cir. 2010) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The factual allegations "'must be enough to raise a right to relief above the speculative level.'" In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (*quoting* Bell Atl. Corp., 550 U.S. at 555). In addition, the factual contents of the complaint must "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Pietoso, Inc. v. Rep. Servs., Inc., 4 F.4th 620, 622 (8th Cir. 2021) (*quoting* Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019)).

Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (*quoting* Bell Atl. Corp., 550 U.S. at 555). When assessing the merits of a complaint challenged under Federal Rule of Civil Procedure 12(b)(6), a court should "'begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" McDonough v. Anoka Cnty., 79 F.3d 931, 945–46 (8th Cir. 2015) (*quoting* Iqbal, 556 U.S. at 679).

It requires noting that complaints by pro se plaintiffs must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); accord Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

That said, pro se litigants must still present cognizable legal claims to this Court. Although the Court must take as true any well-pleaded facts, the Court need not accept "'threadbare recitations of the elements of a cause action supported by mere conclusory statements.'" Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (*quoting* Iqbal, 556

U.S. at 678). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (*quoting* Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). But "the court need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what the movant actually seeks. A litigant, even a pro se one, bears some responsibility for advocating for himself." In re Heyl, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019).

### B. **Whether Judge McNeece is Absolutely Immune From Suit**

Judge McNeese contends he is absolutely immune from suit because he was acting within his discretion as a state magistrate judge in the Fifth Judicial Circuit when presiding over Mr. Bergeson's pending criminal charges. He is correct and this motion should be granted.

Judicial immunity is a cornerstone of our justice system. "It is grounded in a 'general principle of the highest importance,' that 'a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Hamilton v. City of Hayti, Missouri, 948 F.3d 921, 925 (8th Cir. 2020) (*quoting* Mireles v. Waco, 502 U.S. 9, 10 (1991)). See also U.S. ex rel. Godsmith v. Schreier, 2012 WL 4088858, at *3 (D.S.D. Sept. 17, 2012) ("Few doctrines are more solidly established at common law than the absolute immunity of judges for their judicial acts."). Judge McNeece, and the other judges of Roberts County, should not second-guess their work because of frivolous motions for millions of dollars brought by litigants before this Court. However, judges are not immune for nonjudicial actions nor for actions "'taken in the complete absence of all jurisdiction.'" Justice Network Inc. v. Craighead Cnty., 931 F.3d 753, 760 (8th Cir. 2019) (*quoting* Mireles, 502 U.S. at 11–12). See also Sveeggen v. United States, 988 F.2d 829, 831 (8th Cir. 1993) (United States Court of Appeals for the Eighth Circuit holding South Dakota state judges were "entitled to judicial immunity for the action they took in their judicial capacities."); Isakson v. First Nat'l Bank, Sioux Falls, 985 F.2d 984,

4

986 (8th Cir. 1993) ("South Dakota circuit courts are courts of general jurisdiction"). "For immunity purposes, a judge's jurisdiction must be broadly construed." Cody v. Severson, 20045 WL 2046009, at *2 (D.S.D. Aug. 23, 2005) (*citing* Pen v. United States, 335 F.3d 786, 789 (8th Cir. 2003)). Finally, "[b]ecause of its nature, judicial immunity cannot be overcome by alleging bad faith or malice," because judicial absolute immunity protects judges from even engaging in "the process of discovery, motions practice," and further requirements of litigation. Thompson v. Butte Cnty., 2013 WL 12075575, at *4 (D.S.D. Jan. 8, 2013) (*citing* Mireles, 502 U.S. at 9).

      I take judicial notice that Mr. McNeece is a magistrate judge in the Fifth Judicial Circuit when presiding over Bergeson's state proceedings. Judge McNeece has been a magistrate judge for the Fifth Judicial Circuit since earlier this year, and at all times relevant to Bergeson's farcical allegations was properly sitting as a South Dakota state judge. As a magistrate judge for the Fifth Judicial Circuit, defendant McNeece at all times related to this matter was properly exercising jurisdiction vested in him. See SDCL 16-12B-10. Judge McNeece was well within his jurisdictional bounds by presiding over Bergeson's state proceedings. See SDCL 16-12B-11. See also Stanko v. South Dakota, 2019 WL 10890199, at *8 (D.S.D. June 11, 2019) ("Magistrate judges have criminal jurisdiction under SDCL § 16-12B-11, which provides that 'a magistrate judge presiding has . . . jurisdiction . . . to try and determine all cases of misdemeanor . . . A magistrate judge also has concurrent jurisdiction with the circuit court judges to issue warrants for arrest and set bond.") (alterations in original). Because he was properly "presiding [over] a court of record" in Bergeson's state matters, Judge McNeece should be awarded absolute judicial immunity from this suit. SDCL 16-12A-2.3.

### C. **Defendant's Remaining Arguments are Moot**

Because all claims against Judge McNeece should be dismissed due to absolute judicial immunity, the defendant's remaining grounds for dismissal, (1) that this matter should be dismissed for lack of subject matter jurisdiction; and (2) for plaintiff's failure to state a claim, are moot and not further discussed.

### III.  CONCLUSION

Despite Bergeson's best efforts, he is in fact "subject to a corporate policies [sic] and rules" of South Dakota's state laws, including the criminal proceedings brought against him in the Fifth Judicial Circuit. COMPLAINT, doc. 1 at 2. Our judges and lawyers need not pledge loyalty to foreign monarchs to exercise their judicial and prosecutorial prerogatives in Roberts County, nor can plaintiffs escape liability through recycled and rehashed pronouncements of being a citizen of "The Republic State of South Dakota." Id. Accordingly, the defendants' motion should be granted.

IT IS HEREBY ORDERED that defendant Judge Cullen McNeece's motion to dismiss for failure to state a claim, doc. 10, is granted.

DATED this 9th day of December, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge