UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED

JAN 2 5 2022

CLERK

| | |
|---|---|
| NEIL DENNIS BERGESON, JR., | 1:21-CV-01026-CBK |
| Plaintiff, | |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| JADEN CARLSON, | |
| Defendant. | |

## I.    **BACKGROUND**

Mr. Neil Bergeson, Jr. ("plaintiff") filed a pro se action in this Court against the State of South Dakota, South Dakota Fifth Judicial Circuit Judge Cullen McNeece, Roberts County State's Attorney Dylan Kirchmeier, Sisseton-Wahpeton Oyate Law Enforcement Tribal Officer Jaden Carlson, Deputy Roberts County Sheriff Zac Angerhofer, Roberts County Sheriff Tyler Apple, and the South Dakota State B.A.R. (sic) Association (whose actual name is the State Bar of South Dakota). Doc. 1. This Court has already dismissed the State of South Dakota, the State Bar of South Dakota, State's Attorney Kirchmeier, Deputy Sheriff Angerhofer, Sheriff Apple, and Judge McNeece from this matter. Docs. 18, 21, 23. This Court has denied plaintiff's motion for default judgment against Officer Carlson. Doc. 22. The plaintiff alleges defendants violated the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.*, the Tucker Act, 28 U.S.C. §§ 1346, 1491, and the Foreign Agent Registration Act, 22 U.S.C. § 611, *et seq.* Because his claims do not venture close to being grounded in fact or merit, let alone pierce the tribal sovereign immunity applicable in this matter, all claims against defendant Carlson should be dismissed.

Officer Carlson filed a motion on December 10, 2021 (Doc. 25), for leave to file a responsive pleading outside the standard filing deadline. This request stems from extreme toxic mold growth and an emergency move of the Sisseton-Wahpeton Oyate Law Enforcement Department building, which led to a delay in Carlson's superior passing along Bergeson's Summons in a timely manner. Defendant subsequently filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1),(6) on December 13, 2021. Doc. 10. Bergeson has not filed a responsive brief to either motion. However, Bergeson did try to seek an appeal of the Court's previous memorandums and orders to the United States Court of Appeals for the Eighth Circuit on December 21, 2021. Doc. 31. But because these motions filed by Carlson remained outstanding, Bergeson's suit was not final; accordingly, his request for review was treated as an interlocutory appeal. The Court of Appeals dismissed Bergeson's appeal for lack of jurisdiction on January 3, 2022, presumably because this litigation was still commencing, and plaintiff's appeal did not qualify for interlocutory adjudication.

Carefully scrutinizing the record brought by Bergeson, this matter appears to be derived out of frustration stemming from a state prosecution of him for Driving Under the Influence, as well as Unauthorized Ingestion of a Controlled Substance, in Roberts County, Fifth Judicial Circuit, South Dakota. South Dakota Circuit Court, Fifth Judicial Circuit, Roberts County, 54CRI21-000323. I take judicial notice of the South Dakota state court records involving plaintiff, which are available through the Unified Judicial System's eCourts portal. The charges remain pending in Roberts County. Mr. Bergeson appears upset that Officer Carlson allegedly "unlawfully detained" him because he is a "non-tribal member." COMPLAINT, Doc. 1 at 9. Plaintiff proceeds to allege that "several tribal cops physically assulted [*sic*] and detained and handcuffed him. This all part of a RICO SCAM perpetrated by the Roberts County Sheriffs Office and Prosecutor, and SWST Tribal Police." Id. Bergeson takes issue with the officer for not "stand[ing] down" during their interaction and for calling the County Sheriff's Office to report the incident, which resulted in "pushing him through the courts as most sheeple dont [*sic*]

2

know any better!"[1] Id. Bergeson proceeds with what can only be referred to as nonsense. The plaintiff complains that the state judge and prosecution used "word-smithing and or legalese" to wrongfully induce him into "taking the charges." Id. at 6. The plaintiff proceeds to make further bold claims before this Court, namely that the Fifth Judicial Circuit and the state's attorney could not hear or prosecute his case due to their failure to register as part of the "British Atoned Registry," despite no requirement that our nation's judges and lawyers swear fealty to the Crown. No such obligation has been upon our legal class since 1776.

Mr. Bergeson is on a quixotic campaign to conjure new meanings into federal statutes to protest his Roberts County proceedings. This includes fanciful assertions of a British Atoned Registry requiring attorneys to register under the Foreign Agents Registration Act to offering state bar associations newfound collective liability for any alleged indiscretion of its members. This Court will not waste judicial resources tackling such claims conjured by plaintiff's imagination. The Court takes legitimate pro se matters seriously and awards them the deference and consideration they deserve. But this is no such case. Rather, Mr. Bergeson seeks to use the federal court to vent frustrations about a state indictment from the Fifth Judicial Circuit. This Court is no such vehicle to make farcical claims for millions of dollars as punishment for tribal law enforcement fulfilling their duties.

The plaintiff appears to have recycled meritless "legal nonsense" from a prior litigant before this Court. See Fonder v. South Dakota, 2021 WL 4710781, at *1 (D.S.D. Oct. 8, 2021). As other defendants in this matter have rightly noted, "the language was essentially copied and pasted." BRIEF IN SUPPORT OF MOTION TO DISMISS CHARGES AGAINST DEFENDANTS KIRCHMEIER, ANGERHOFER, AND APPLE, Doc. 9 at 3. These rehashed arguments remain "utter nonsense." Fonder, 2021 WL 4710781, at *2. Like in Fonder v. United States, this matter should be dismissed by this Court.

---

[1] "Sheeple" refers to "people who are docile, compliant, or easily influenced." *Sheeple*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/sheeple (last visited Jan. 6, 2022).

## II.   **DISCUSSION**

### A. **Legal Standard**

On a motion pursuant to Rule 12(b)(1) challenging whether the Court holds subject matter jurisdiction to hear the claims brought, the party asserting jurisdiction holds the burden of proof. Magee v. United States, 9 F.4th 675, 680 (8th Cir. 2021) (*citing* Moss v. United States, 895 F.3d 1091, 1097 (8th Cir. 2018)). Questions of sovereign immunity should be disposed of on motions to dismiss for lack of subject matter jurisdiction. See Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995) ("Sovereign immunity is a jurisdictional question") (*citing* Puyallup Tribe, Inc. v. Washington Game Dep't, 433 U.S. 165, 172 (1977)).

"'Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers.'" Stanko v. Oglala Sioux Tribe, 916 F.3d 694, 696 (8th Cir. 2019) (*quoting* Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978)). See Santa Clara Pueblo, 436 U.S. at 55 (Indian tribes are "distinct, independent political communities, retaining their original natural rights in matters of local self-government."). The Sisseton-Wahpeton Oyate of the Lake Traverse Reservation ("the Tribe") is a federally recognized tribe. See INDIAN ENTITIES RECOGNIZED AND ELIGIBLE TO RECEIVE SERVICES FROM THE UNITED STATES BUREAU OF INDIAN AFFAIRS, 86 Fed. Reg. 7,554, 7,557 (Jan. 29, 2021). It is "undisputed" that their sovereign immunity "may extend to tribal agencies." Hagen v. Sisseton-Wahpeton Cmty. Coll., 205 F.3d 1040, 1043 (8th Cir. 2000) (*citing* Dillon v. Yankton Sioux Tribe Hous. Auth., 144 F.3d 581, 583 (8th Cir. 1998)). Accordingly, as a matter of federal law, the Tribe or its agencies can only be subject to suit if Congress has authorized the suit or if the tribe has waived its immunity. Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B., 786 F.3d 662, 670 (8th Cir. 2015). There has been no waiver.

When deciding a motion pursuant to Rule 12(b)(1), this Court must distinguish between "facial attacks" and "factual attacks." Croyle by and Through Croyle v. United States, 908 F.3d 377, 380 (8th Cir. 2018) (*citing* Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). For facial attacks, district courts "look[] only to the face of the

4

pleadings," whereas for factual attacks, "matters outside the pleadings" may be considered. Id. (*quoting* Osborn, 918 F.2d at 729 n.6).  Here, Bergeson's quixotic attempts to litigate fall squarely under facial attacks, where this Court must examine if plaintiff has "'sufficiently alleged a basis of subject matter jurisdiction.'" Branson Label, Inc. v. City of Branson, Missouri, 793 F.3d 910, 914 (8th Cir. 2015) (*quoting* Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).  In its review, "'the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (*quoting* Osborn, 918 F.2d at 729 n.6).

It is well known that complaints by pro se plaintiffs must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); *accord* Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

That said, pro se litigants must still present cognizable legal claims to this Court. Although the Court must take as true any well-pleaded facts, the Court need not accept "'threadbare recitations of the elements of a cause action supported by mere conclusory statements.'" Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (*quoting* Iqbal, 556 U.S. at 678).  "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (*quoting* Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).  But "the court need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what the movant actually seeks.  A litigant, even a pro se one, bears some responsibility for advocating for himself." In re Heyl, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019).

### B.  Whether Carlson is Sued in Official or Individual Capacity, or Both

As a preliminary matter, this Court must recognize that Mr. Bergeson has not made clear whether he has filed suit against Officer Carlson in his official or individual

5

capacity. In its denial of plaintiff's motion for default judgment, the Court has already recognized this suit must be construed as against Carlson only in his official capacity. See doc. 22 at 4. The Eighth Circuit has held that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." KD v. Douglas Cnty. Sch. Dist. No. 001, 1 F.4th 591, 599 n.5 (8th Cir 2021) (*quoting* Alexander v. Hedback, 718 F.3d 762, 766 n.4 (8th Cir. 2013)). If a plaintiff fails to clearly state that the defendant is being sued in his individual capacity, "our precedent requires [courts] to presume that the plaintiff brings suit against the defendants in only their official capacities." Remington v. Hoopes, 611 Fed.Appx. 883, 885 (8th Cir. 2015) (*unpublished*).

## C. Whether the Tribe is Immune From Suit

Mr. Bergeson appears, when straining to read his Complaint for the barest of cognizable allegations, to be suing Officer Carlson (and thus the Tribe) for retrospective legal damages stemming from the alleged unlawful detention. As articulated above, however, the Tribe is immune from suit in this Court for retrospective relief. Because of this sovereign immunity, this Court does not have subject matter jurisdiction and must dismiss the matter. The only exception to this denial of subject matter jurisdiction would be for *prospective* equitable relief pursuant to Ex Parte Young, 209 U.S. 123 (1908). See Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (recognizing that Ex Parte Young "applies only to prospective relief, does not permit judgments against state [or tribal] officers declaring that they violated federal law *in the past*, and has no application in suits against the States [or here, Tribes] and their agencies, which are barred regardless of the relief sought.") (emphasis added).    See also N. States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty., 991 F.2d 458, 460 (8th Cir. 1993) (recognizing that "Ex Parte Young applies to the sovereign immunity of Indian tribes, just as it does to state sovereign immunity."). However, Bergeson is not asking this Court for any *future* pauses on conduct by the Tribe; rather, his focus is on this

6

alleged past transgression.  Accordingly, because Bergeson seeks relief outside the subject matter jurisdiction of this Court, his suit should be dismissed.

### D. Carlson's Remaining Arguments are Moot

Because all of Bergeson's claims should be dismissed for lack of subject matter jurisdiction, defendant Carlson's remaining defenses are moot.  The Court holds Carlson is not being sued in his individual capacity.  Further, the Court does not address Bergeson's defense pursuant to the law of the case doctrine because no claims presented possess subject matter jurisdiction.

### III.    CONCLUSION

This memorandum and order puts an end to Mr. Bergeson's suit against the myriad of actors involved in his state Driving Under the Influence, as well as Unauthorized Ingestion of a Controlled Substance, charges in Roberts County.  Despite his best efforts, he is in fact "subject to a corporate policies [*sic*] and rules" of South Dakota's state laws, including the criminal proceedings brought against him in the Fifth Judicial Circuit.  COMPLAINT, Doc. 1 at 2.  Our judges and lawyers need not pledge loyalty to foreign monarchs, nor must tribal officers withstand suit before this Court when they are so clearly protected by sovereign immunity.  Plaintiffs like Bergeson cannot escape liability through recycled and rehashed pronouncements of being a citizen of "[t]he Republic State of South Dakota."  Id.  Accordingly, defendant's motion should be granted.  Now that all defendants' motions to dismiss have been granted, Bergeson may decide to properly file his appeal to the Eighth Circuit for review.

7

IT IS HEREBY ORDERED that defendant Officer Jaden Carlson's motion for leave of court to file a responsive pleading, Doc. 25, is granted.

IT IS FURTHER ORDERED that defendant Carlson's motion to dismiss for lack of jurisdiction and failure to state a claim, Doc. 28, is granted.

DATED this 21st day of January, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

8